BURLINGTON NORTHERN RAILROAD COMPANY *et al.*, Plaintiffs-Appellants, v. ILLINOIS EMCASCO INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 86—0950

Opinion filed July 17, 1987.—Modified on denial of rehearing August 21, 1987.

John Newell, Kenneth J. Wysoglad, and Michael L. Sazdanoff, all of Burlington Northern Railroad Company, of Naperville, for appellants.

James K. Horstman, Barry L. Kroll, John D. Daniels, and Lloyd E. Williams, Jr., all of Chicago (Williams & Montgomery, Ltd., of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, Burlington Northern Railroad Company (Burlington), Donald R. McCrystal, and Robert R. Conway, appeal from the trial court's order in a declaratory judgment action granting defendant Illinois Emcasco Insurance Company's (Emcasco's) motion for judgment on the pleadings and denying plaintiffs' summary judgment motion. The trial court specifically found that Emcasco had no duty to defend and was not estopped from denying coverage in connection with an underlying wrongful death action.

The record reveals that on August 25, 1982, à young woman, Anh Van Nguyen, was struck and killed by a Burlington freight train operated by plaintiffs McCrystal and Conway, employees of Burlington. At the time of the occurrence, Nguyen was trying to board a passenger train at Burlington's commuter train station in Lisle, Illinois. Subse-

quently, a special administrator for Nguyen's estate filed a wrongful death action against plaintiffs. Allegations in the complaint and two amended complaints asserted that the deceased was killed while using the commuter station premises through plaintiffs' negligence and that plaintiffs had a duty to operate the premises in a safe manner so as not to cause harm to person boarding or departing commuter trains.

Prior to the incident, on May 1, 1978, Burlington leased the commuter station to the village of Lisle (village) to facilitate the station's renovation. The leased premises generally included the station, the passenger platforms on the north and south sides of the tracks, and the parking areas. Excluded from the leased premises were the ballasted right-of-way and the tracks. The village procured an insurance policy from Emcasco naming Burlington and its employees as additional insureds "with respect to liability arising out of the ownership, maintenance or use" of the leased premises (endorsement No. 1). Plaintiffs wrote the village in December 1982 to notify it that they were being sued by decedent's estate and requested the village to notify its insurer and to provide the insurer's identity and policies to plaintiffs. No communication occurred between plaintiffs and Emcasco until December 1983 when plaintiffs made a tender of defense to Emcasco, which was refused. Thereafter, plaintiffs filed this declaratory judgment action alleging that the underlying claim against them asserted that decedent was using the leased premises and that the accident arose out of the ownership, maintenance, or use of the insured premises. Plaintiffs brought this appeal after the trial court granted defendant's motion for judgment on the pleadings and denied plaintiffs' summary judgment motion.

On appeal, plaintiffs argue that the trial court's decision that Emcasco had no duty to defend or indemnify was in error and premature. They contend that the underlying complaint against them contained allegations that triggered Emcasco's duty to defend in the wrongful death suit. Plaintiffs further argue that the trial court's order was premature because the evidence adduced against plaintiffs in the underlying suit may trigger defendant's duty to indemnify. Their final contention is that defendant is estopped to deny coverage by its failure to defend under a reservation of rights or to seek a declaratory judgment that there was no coverage.

Defendant Emcasco argues that it had no duty to defend because the accident occurred at a place expressly excluded from the premises insured by its policy. It also contends that plaintiffs are estopped to assert a premature ruling argument by virtue of the fact that plaintiffs asked for a ruling on the duty to defend issue when they filed

their complaint for declaratory judgment and subsequently moved for summary judgment or judgment on the pleadings.

We reverse this cause for the following reasons.

We initially note that the trial court did not rule as to Emcasco's duty to indemnify but rather found that defendant had no duty to defend and would not be estopped from denying coverage. We hold that the finding that Emcasco had no duty to defend was erroneous.

In support of their argument, plaintiffs rely on the proposition that where the complaint in an underlying action alleges facts indicating coverage or potential coverage, an insurance company has a duty to defend. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 193, 355 N.E.2d 24.) Moreover, failure to defend with a reservation of rights or to seek a declaratory judgment where the underlying complaint suggests potential coverage creates an estoppel barring a denial of coverage. *La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 452, 408 N.E.2d 928.

■ Plaintiffs are correct as to the general proposition of law. The duty to indemnify an insured for a loss covered by an insurance policy and the duty to defend are separate and sometimes independent obligations of an insurer. (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, 394, 442 N.E.2d 245.) The duty to defend is generated not necessarily by the facts of a case but by the allegations made in the complaint filed in the *sub judice* case. (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 144, 384 N.E.2d 335.) If just one claim falls within the ambit of coverage, the duty to defend is triggered. (*The Fidelity & Casualty Co. v. Nalco Chemical Co.* (1987), 155 Ill. App. 3d 730, 740. On the other hand, the duty to indemnify may not arise until the underlying action is finally determined. *Maryland Casualty Co. v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 150, 156, 466 N.E.2d 1091.

■ However, an exception to these now well-settled principles arises when the underlying complaint contains allegations that, if true, trigger the coverage afforded by the policy and other allegations that, if true, are not covered by the insurance policy, thus creating a conflict of interest between the insurer and insured. In such a situation, the insurer is absolved from providing a defense but must underwrite the cost of the defense. (*Murphy v. Urso* (1981), 88 Ill. 2d 444, 451-52, 430 N.E.2d 1079.) In the latter situation, the insurer is not required to take over the defense but remains liable for the costs of the insured's defense and must indemnify him in the event an adverse result occurs in the underlying action. (*Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 475, 430 N.E.2d 1104.) In *Clemmons*,

the court said, "when there is a conflict of interest between the insurer and the putative insured, the insurer may decline to take over the insured's defense itself, and may do so without making a reservation of rights or seeking a declaratory judgment on coverage, but the insurer remains liable for the costs of the putative insured's defense." *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 475, 430 N.E.2d 1104, 1107, citing *Murphy v. Urso* (1981), 88 Ill. 2d 444, 451-52, 430 N.E.2d 1079, 1082-83.

The underlying complaint here alleges, among other things, that Burlington and the other plaintiffs had a duty to operate the train "and railroad station so as not to cause damage or injuries to persons boarding or departing from said commuter trains." The complaint charges a breach of that duty in that plaintiffs "were otherwise negligent and careless in and about the operation and maintenance of said trains and train depot." The amended complaint also alleges that decedent was in the act of boarding the train at the depot when she was killed.

●3 Emcasco's policy was issued to the village with Burlington named as an additional insured "as respects the leased premises at railroad depot." The policy provides for coverage for incidents caused by an occurrence and arising out of the ownership, maintenance, and use of the insured premises. The policy also provides that Emcasco will pay on behalf of the insured all sums which the insured becomes legally obligated to pay because of personal injury sustained by any person "arising out of the named insureds' business." This language has been held to be sufficient to afford coverage to an injured employee of an insured who was assaulted in a stairwell away from the leased premises. (*Maryland Casualty Co. v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 150, 466 N.E.2d 1091.) Such language was also held broad enough to afford coverage for injuries received in an automobile owned by a day nursery off the nursery premises. (*United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, 437 N.E.2d 663.) In this latter case the insurer failed to participate in the *sub judice* trial and became obligated to pay the judgment awarded plaintiff even though no finding was made by the jury as to whether the proximate cause of the plaintiff's injury was the negligent operation of the day care center. The basis for these conclusions is that Illinois courts have held that the phrase " 'arising out of' is both broad and vague, and must be liberally construed in favor of the insured." *Maryland Casualty Co. v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 150, 154, 466 N.E.2d 1091, 1094.

The underlying complaint in this case contains allegations, some of which trigger Emcasco's coverage and others which relieve it from liability, a situation that creates a conflict of interest between Emcasco's interests and those of the putative insured, Burlington. Emcasco's interests are best served by separating Burlington from any alleged negligence in operation of the station so that Burlington, if liable, would bear the entire responsibility, thus precluding the insurer from representing plaintiffs as requested by the declaratory judgment complaint. (See *Murphy v. Urso* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079.) Furthermore, the issues involved in determining that Burlington was not covered under the policy, thus relieving Emcasco of its duty to indemnify, are substantially the same issues to be determined in the wrongful death action.

■ Plaintiffs' complaint for declaratory judgment prayed that the trial court determine that Emcasco's policy applied to the incident of August 25, 1982. Such a determination is premature and depends on the issues being decided in the underlying action as to whether the injuries of decedent arose out of the negligent operation of the station or negligent operation of the freight train. These issues relevant to both actions are not separable because whether the policy covered Burlington, thus triggering the duty to indemnify, involves a determination of the basic facts as to why and how the accident occurred. There is no dispute that decedent was killed on the tracks, an area excluded from policy coverage. But it is disputed as to why she was on the tracks while allegedly boarding a Burlington commuter train. If this court were to decide that there was a duty to indemnify, we would, in fact, be holding that the accident arose out of the use, maintenance, or operation of the station. If we upheld the trial court's determination that Emcasco had no duty to defend, we would be ruling, in effect, that the accident arose out of Burlington's negligent operation of the train. Such a decision depends on facts which may be adduced in the underlying wrongful death action.

Since the underlying cause involved conflicting issues of fact—some that might generate Emcasco's duty to indemnify and some that might relieve defendant of such duty—Emcasco cannot be required to either defend under a reservation of rights or seek a declaratory judgment. Therefore, plaintiffs' estoppel argument is without merit and Emcasco is not estopped from later presenting its policy defense.

Since the underlying complaint did contain some allegations that, if true, trigger the coverage afforded by Emcasco's policy, the trial court erred in holding that Emcasco had no duty to defend, or, under the facts of this case, to reimburse Burlington for its defense in the

underlying action. Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN, P.J., and PINCHAM, J., concur.