AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellant, v. PRESTIGE CASUALTY COMPANY, Defendant-Appellee.

First District (5th Division)   No. 1—89—0346

Opinion filed March 16, 1990.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Edward J. Zulkey, and Thomas W. Cushing, of counsel), for appellant.

Bresler, Brenner & Moltzen, of Chicago (Edward W. Moltzen, Sheldon A. Brenner, and Theodore J. Castanes, of counsel), for appellant.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Aetna Casualty and Surety Company (Aetna) appeals orders granting defendant Prestige Casualty Company's (Prestige's) cross-motion for summary judgment and denying Aetna's summary judgment motion in a declaratory judgment action. The facts underlying this case are as follows.

On March 11, 1984, James P. Shramek, who had slowed down his automobile to avoid potholes on Sheridan Road in Waukegan, was struck from behind by a cab driven by Bradford K. Collins, Sr. (decedent). The men subsequently parked their cars and got out. An argument ensued whereupon Shramek allegedly struck decedent with his fists and wrestled him to the ground in the middle of the road. As the men were wrestling, a car driven by Tammy L. Voss struck both men. Decedent Collins died as a result of injuries he sustained from the Voss car. At the time, Shramek was insured under a homeowners policy issued by Aetna and an automobile liability policy issued by Prestige.

In December 1984, decedent's family (plaintiffs) filed a six-count civil suit against Shramek and Voss in Lake County, Illinois. Counts I through III pertained to Shramek: count II was a loss of consortium claim and count III was brought under the family expense act. In all three counts, plaintiffs alleged:

> "4. That immediately after said collision the defendant, JAMES P. SHRAMEK, without legal cause or justification, struck the decedent, BRADFORD K. COLLINS, Sr., with his fists about the face, neck and body and otherwise negligently dragged and caused the decedent to be upon the travelled portion of Sheridan Road.

> 5. That as a direct and proximate result of said negligence and attack by the defendant, JAMES P. SHRAMEK, the decedent, BRADFORD K. COLLINS, Sr., was put upon the travelled portion of Sheridan Road and while being in such location, he was struck by a southbound automobile driven upon Sheridan Road by the defendant, TAMMY L. VOSS.

> 6. That the decedent, BRADFORD K. COLLINS, Sr., then and there sustained severe injuries, both internally and externally, which caused him extreme and severe pain, suffering and discomfort until the time of his death. That said injuries were the direct and proximate of his death."

On January 30, 1985, Prestige sent two letters to Shramek inform-

ing him that it had retained a law firm to represent him, that the policy limits could be exceeded, and that Shramek was free to retain additional counsel to protect his financial interests. On March 7, 1985, Prestige sent a letter to Shramek informing him that after a thorough review of the situation, Prestige was denying coverage because "[t]his policy does not apply to bodily injury or property damage caused intentionally by or at the direction of the insured."

After being notified of the occurrence in December 1984, Aetna filed a motion for summary judgment against Shramek and Prestige in its declaratory judgment action. In September 1986, Shramek failed to appear in court to contest Aetna's motion and the trial court granted a default summary judgment in favor of Aetna and against Shramek. No declaratory relief was entered against Amy Collins, a plaintiff in the *sub judice* case and an out-of-State resident, since no service was obtained upon her. As the underlying case approached its trial date, and since the plaintiffs were not bound by the default judgment, Aetna prepared to defend Shramek under a reservation of rights and eventually settled the case against him for $55,000 in January 1987. In June 1987, Aetna amended its declaratory judgment claim against Prestige, asserting that the occurrence was not covered by Aetna's policy because of a provision excluding coverage for bodily injury or property damage arising out of the ownership, maintenance, use, loading, or unloading of a motor vehicle owned or operated by any insured. Aetna's complaint also alleged that the incident did arise out of the ownership, maintenance, or use of Shramek's automobile, thus requiring Prestige to indemnify and defend him in the underlying action. Furthermore, Prestige, by its actions, was estopped to deny coverage. Aetna requested that it be reimbursed for sums it expended for Shramek's defense and settlement. This appeal followed the trial court's rulings adverse to Aetna.

On appeal, Aetna claims that the trial court erred because Prestige is estopped from asserting a policy defense since it initially assumed Shramek's defense and then refused to either defend under a reservation of rights or file a declaratory judgment action to determine coverage. Aetna also argues that the injuries alleged in the underlying suit arose out of the ownership, maintenance, or use of an automobile and thus were covered by the Prestige policy. Prestige contends that the trial court rulings were proper in that Prestige's denial of coverage created no estoppel because no prejudice was shown to have resulted to Shramek and, furthermore, decedent's injuries arose out of Shramek's intentional tortious conduct, not from the use of his car.

For the following reasons, we must reverse and remand this cause.

■■ ■ It is settled law in Illinois that an insurer has two duties to an insured when a lawsuit is filed that may trigger the insurer's policy coverage: the duty to defend and the duty to indemnify. (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23.) These are separate and distinct duties, and the duty to defend is broader than the duty to indemnify. (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388.) The duty to indemnify arises only after the insured becomes legally obligated to pay damages in the underlying action. (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23.) On the other hand, the duty to defend is triggered by the allegations in the underlying complaint that bring the claim within or potentially within the policy coverage. (*Thornton v. Paul* (1978), 74 Ill. 2d 132.) Furthermore, the duty to defend arises where the complaint alleges several causes of action or theories of recovery against an insured even if only one or some of them are within the policy coverage. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187.) Unless the complaint, on its face, clearly alleges facts which, if true, would exclude coverage, the potentiality of coverage is present and the insurer has a duty to defend. *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777.

■■ When an insurer is in doubt regarding its duty to defend, it may defend the suit under a reservation of rights or seek a declaratory judgment as to coverage. (*Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184.) If the insurer refuses to defend and does neither, it is estopped from later alleging that the insured was not covered under the policy or that there were policy defenses in a subsequent action by the insured or the insured's subrogee. *Casualty Insurance Co. v. Northbrook Property & Casualty Insurance Co.* (1986), 150 Ill. App. 3d 472.

According to these precepts, the question of whether Prestige had a duty to defend Shramek depends on an examination of the underlying complaint. Prestige argues that the phrase "struck without legal cause or justification" is a direct reference to our statute defining battery: "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual ***." (Ill. Rev. Stat. 1983, ch. 38, par. 12—3(a)(1).) However, the complaint continues, "struck the decedent *** with his fists *** and otherwise negligently dragged and caused the decedent to be upon the travelled portion of Sheridan Road." The following paragraph of the complaint alleges "[t]hat as a direct and proximate result of said negligence and attack" decedent was struck by the Voss automobile. Prestige considers the negligence allegations to be "impertinent verbi-

age." Thus, it argues, the complaint clearly alleged an intentional tort, thereby placing the incident outside the ambit of its policy. We disagree.

◼ At the same time that Prestige asserts that the underlying complaint clearly alleges an intentional tort, it also acknowledges that the situation wherein injuries are incurred in a fight following a traffic accident has never been considered by Illinois courts in their construction of the policy language "arising out of." It is clear that our courts interpret this phrase broadly. In *Maryland Casualty v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 150, 154, the court stated, "[t]he phrase 'arising out of' is both broad and vague, and must be liberally construed in favor of the insured; accordingly, 'but for' causation, not necessarily proximate causation satisfies this language."

◼ In the present case, we have an insurer (Prestige) asked to defend a suit against its insured (Shramek) in which the complaint may allege a battery and clearly refers to negligence several times. Furthermore, the events leading up to the complained-of injuries have never been considered by our courts within the broad context of the phrase "arising out of." Under such circumstances, it is apparent that the underlying complaint alleged facts that would potentially trigger coverage under Prestige's automobile liability policy. Prestige therefore had a duty to either defend the suit under a reservation of rights or seek a declaratory judgment as to its coverage. It did neither and is thus estopped from asserting any policy defenses in a suit by Shramek's subrogee, Aetna.

◼ Prestige's contention that estoppel is inapplicable because Shramek suffered no prejudice is without merit. Estoppel arises as a direct result of the insurer's breach; such breach is not exonerated by a defense of the insured by another insurer. (*Casualty Insurance Co. v. Northbrook Property & Casualty Insurance Co.* (1986), 150 Ill. App. 3d 472.) Since Prestige is estopped, there is no necessity for determining whether the homeowners or automobile policy was applicable to this situation.

Accordingly, summary judgment for Prestige was improper. We must therefore reverse the trial court's orders and remand this cause for a determination of the sum reimbursable to Aetna by Prestige.

Reversed and remanded.

LORENZ and GORDON, JJ., concur.