AMERICAN COUNTRY INSURANCE COMPANY, Plaintiff-Appellee, v. EFFICIENT CONSTRUCTION CORPORATION *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 1—89—2327

Opinion filed January 29, 1992.

Jerome E. Boyle, of Chicago, for appellants.

Robert Schey & Associates, P.C., of Chicago (Philip S. Aimen, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendants Efficient Construction Corporation (Efficient) and Excellant Builders, Inc. (Excellant), appeal from an order of the circuit court entering judgment in favor of plaintiff American Country Insurance Company (American) and against Efficient and Excellant following a bench trial in a declaratory judgment action. We reverse and remand.

Excellant and Efficient are sister companies engaged in the business of performing general contracting and building services. Efficient is an operating company which performs payroll and other administrative services for the construction projects undertaken by Excellant. Harry Brooks is the president of both Excellant and Efficient.

In June of 1986, Excellant entered into an agreement with R.T.B. Construction, Inc., to act as the general contractor for the construction of Stratford Marketplace, a shopping mall in Bloomingdale, Illinois. The steel erection work on Stratford Marketplace was subcontracted by Excellant to Chicago Builders & Erectors (Chicago Builders). According to the terms of the subcontract, Chicago Builders agreed to handle all aspects of the structural steel work on the Stratford Marketplace. Work began on the Stratford Marketplace on July 7, 1986. Sherman Jensen was the project manager for Excellant

having responsibility for field progress reports, which contain, *inter alia*, listings of the subcontractors on the job, the number of employees of each subcontractor present and a description of the work performed.

Chicago Builders subcontracted the installation of the sheet metal roof decking on the Child World building at the Stratford Marketplace to Dick's Fox Valley Steel (Fox Valley). Excellant did not have a contract with Fox Valley. Under its contract with Excellant, Chicago Builders undertook all responsibility for work performed by Fox Valley.

On Saturday, September 13, 1986, while working on the roof decking, Frederick Long, an employee of Fox Valley and brother of Fox Valley president Richard Long, suffered a serious injury following a fall from the roof of the Child World building. Jensen was not present at the work site that day. Jensen subsequently learned of the injury on Monday, September 15, 1986. Jensen met with Jeff Wallerstein, president of Chicago Builders, Richard Long, and the ironworkers and painters who were present when Frederick Long was injured. Jensen was informed that Frederick Long had landed on his hands and knees and was taken to the hospital by ambulance. Jensen prepared a daily progress report dated September 13, 1986, which indicated that at the time of the accident (1) the weather was sunny; (2) three men from King Painting were painting joists; (3) five men from Chicago Builders were setting decking; and (4) the report was made on September 15, 1986.

Jensen also called Excellant's office, mentioned the injury to a receptionist, and told John Ford, an Excellant vice-president with responsibility for handling the paperwork on the project, that an ironworker had been hospitalized following a fall from the roof the previous Saturday. Brooks did not learn of the injury at that time. Eight months after the accident, Brooks was served with a summons and complaint filed by Frederick Long against Excellant, Efficient, and Chicago Builders as well as two other entities. The complaint alleged violations of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*). Brooks immediately sent the summons and complaint to Fleetwood Marketing, an agent of American which had issued a comprehensive general liability policy covering Excellant, Efficient and Brooks.

Patrick Lynch, the claims manager for American, received the summons and complaint from Fleetwood Marketing on May 20, 1987. Lynch assigned the claim to Mark Frayne, an adjuster at Bandringa Chicagoland Claims Service, Inc. On June 11, 1987, American sent a

letter to Harry Brooks, reserving its right to assert the defense that Excellant and Efficient had failed to notify American of the injury "as soon as practicable" as required by the policy.

Frayne and Lynch proceeded to investigate the claim. Frayne took sworn statements from Jensen, Brooks and the ironworkers and painters present at the scene of the accident. Frayne also obtained pertinent weather reports, copies of the daily progress reports prepared by Jensen, insurance certificates from subcontractors, and copies of contracts with subcontractors. Lynch obtained, but never reviewed, a copy of the file on Frederick Long's worker's compensation case. Lynch also obtained a statement from Frederick Long.

On July 30, 1987, American filed its complaint for declaratory judgment in the trial court. The second amended complaint sought a declaratory judgment that American is not required to indemnify or defend Efficient or Excellant against Frederick Long's Structural Work Act claim. The complaint alleged that Efficient and Excellant failed to comply with the notice provisions of the insurance policy issued by American to Brooks, Efficient and Excellant. The insurance policy provides in part:

"4. Insured's Duties in the Event of Occurrence, Claim or Suit.

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to time, place and circumstances thereof and the names and address of the injured and of available witnesses shall be given by or for the insured to the Company or any of its authorized agents as soon as practicable."

Following a trial, the court entered judgment in favor of American and against Efficient and Excellant on the grounds that American had no duty to either indemnify or defend Excellant and Efficient in the Frederick Long Structural Work Act lawsuit. This appeal followed.

On appeal Excellant and Efficient contend that the trial court erred in ruling that their notice to American following receipt of a summons and complaint from Frederick Long was not made "as soon as practicable" as required by the terms of the parties' insurance policy. We agree.

The grant or denial of declaratory relief is discretionary, and absent an abuse of that discretion, the trial court's determination will not be disturbed on appeal. (*State Farm Mutual Automobile Insurance Co. v. Dreher* (1989), 190 Ill. App. 3d 182, 185, 547 N.E.2d 1, 3.)

Nevertheless, the trial court's exercise of this discretion is subject to a searching appellate review and is not given the same deference as is the trial court's exercise of discretion in other contexts. *Machinis v. Board of Election Commissioners* (1987), 164 Ill. App. 3d 763, 769, 518 N.E.2d 270, 274.

■ In construing the "as soon as practicable" language, courts have weighed the desirability of compensation to the insured against the importance of the notice provision to the insurance company as a means of providing an opportunity to investigate the accident and protect itself against unjustified claims. (*McFarlane v. Merit Insurance Co.* (1978), 58 Ill. App. 3d 616, 618, 374 N.E.2d 951, 952.) Policy provisions establishing when the insured must notify the insurer concerning covered occurrences require notification within a reasonable time, considering all relevant facts and circumstances. (*Grasso v. Mid-Century Insurance Co.* (1989), 181 Ill. App. 3d 286, 289, 536 N.E.2d 977, 979.) A lengthy passage of time is not an absolute bar to coverage provided the insured has a justifiable excuse for the delay. (*McFarlane*, 58 Ill. App. 3d at 619, 374 N.E.2d at 953.) The key element of the requirement to notify is the appearance to a reasonable person that a claim covered by a policy may be brought against the insured and not the appearance that the insured may be liable. *National Bank v. Winstead Excavating* (1981), 94 Ill. App. 3d 839, 842, 419 N.E.2d 522, 524.

●2 In the present case, Excellant subcontracted the sheet metal roof decking work to Chicago Builders, which in turn subcontracted the roof installation work to Fox Valley. Frederick Long was an employee of Fox Valley. On the date of the accident, no one from Excellant was present at the work site. When Jensen, Excellant's project manager, learned of the accident the following Monday, he interviewed the pertinent parties and prepared a written report. No Excellant employees were involved in the incident. Excellant president Harry Brooks was not informed of the accident at that time. Under these circumstances, Brooks was under no duty to notify American because it was not clear at that time that a claim covered by its insurance policy might be brought by Frederick Long against Excellant and Efficient. Moreover, even if Brooks had learned of the incident immediately after it happened, he would have also been aware that Excellant had subcontracted all of the steel erection work to Chicago Builders, which had in turn subcontracted the work to Fox Valley. Under these circumstances, it was reasonable for Excellant to conclude, prior to service of summons, that no covered claim would be asserted against it by Frederick Long. An insured is not required to report

every injury it is aware of; it is only required to report those injuries which a reasonable person would understand is likely to lead to a claim, and this is especially so where, as here, the insured is not a direct participant in the injury.

Furthermore, the adequacy of American's investigation of the incident was not materially prejudiced by the delay in notice. During the course of its investigation, American obtained sworn statements from Excellant employees, the ironworkers and painters present at the scene on the date of the accident, weather reports, daily progress reports, insurance certificates, a copy of Frederick Long's worker's compensation case and a statement from Frederick Long. In light of its exhaustive investigation, we cannot find that American was prejudiced by the delay in notice.

We, therefore, conclude that Excellant and Efficient were entitled to judgment in their favor. Accordingly, the judgment in favor of American and against Excellant and Efficient is reversed, and this case is remanded with directions for the entry of a judgment consistent with this opinion.

Reversed and remanded.

TULLY* and CERDA, JJ., concur.

---

*Justice White heard oral arguments in the above appeal prior to his retirement. Justice Tully was designated the third member of the panel and has read the record and briefs.