**AVEMCO INSURANCE COMPANY, a Maryland corporation, Plaintiff,**

v.

**ACER ENTERPRISES, INC., an Illinois corporation, d/b/a Acer Construction Company, Inc., Diane McCrone, Shirley McCrone, Successor Guardian of the Estate of James McCrone, a Disabled Person, Mary Lucente, Mary Lucente, Special Administrator of the Estate of Larry Lucente, Deceased, Warren Watterson, Jean Lucente, and Jean Lucente, Administrator of the Estate of Robert Lucente, Deceased, Defendants.**

No. 92 C 1158.

United States District Court,
N.D. Illinois, E.D.

July 20, 1992.

---

John Scott Hoff, James T. Laffey, Tamara L. Warn, Law Offices of John Scott Hoff, P.C., Chicago, Ill., for Avemco Ins. Co.

John C. Bartler, McKenna, Storer, Rowe, White & Farrug, Wheaton, Ill., for Acer.

Michael Waters, Smith, Waters, Kuehn & Hughes, Ltd., Peoria, Ill., for Diane McCrone and Acer.

William A. Vlasek, Lansing, Ill., for Shirley McCrone.

Michael W. Rathsach, Chicago, Ill., for Mary Lucente.

Robert J. Rooth, Adler Gale & Rooth, Chicago, Ill., for Warren Watterson.

Ronald N. Primack, Lansing, Ill., for Jean Lucente.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Avemco Insurance Company ("Avemco") brings this declaratory judgment action pursuant to 28 U.S.C. § 2201, seeking a judgment that Non–Commercial Aircraft Insurance Policy No. NC1–373008–2 (the "Policy") does not give rise to a duty to defend or indemnify Acer Enterprises, Inc., d/b/a Acer Construction Company, Inc. ("Acer") in an underlying lawsuit arising from a plane crash transpiring on January 1, 1989. Alternatively, in the event that Avemco is obligated under the Policy to defend and indemnify Acer, Avemco seeks a declaration that it has no duty to

further indemnify Acer for claims arising out of injuries suffered in the crash by Warren Watterson, including Lori Watterson's loss of consortium claim. Defendants Mary Lucente, individually and as special administratrix of the Estate of Larry Lucente, deceased, Diane McCrone, and Shirley McCrone, successor guardian of the Estate of James McCrone, a disabled adult, have filed motions to dismiss Counts I and III of Avemco's complaint. Defendants Acer, Lori Watterson and Warren Watterson have filed motions to dismiss Counts I, III and IV of Avemco's complaint. For the reasons set forth below, we grant each of the defendants' motions.[1]

## I. BACKGROUND

The allegations of the complaint and the additional submissions of the parties reveal the following facts. The Policy, running from November 4, 1988 to November 4, 1989, was issued by Avemco to Robert Lucente for a 1964 Cessna Model 210 aircraft bearing FAA No. N3767Y. On January 1, 1989, that aircraft, piloted by Robert Lucente and on return to the Chicagoland area from a trip to Florida, crashed in the vicinity of Danville, Illinois. Robert Lucente and his son, Larry Lucente, were killed in the crash. James McCrone and Warren Watterson, both sons-in-law of Robert Lucente, were injured in the crash. At the time of the accident, Robert Lucente, Larry Lucente, James McCrone and Warren Watterson were employees of Acer.

On November 19, 1990, Diane McCrone, individually and as guardian of the Estate of James McCrone, Mary Lucente, individually and as special administratrix of the Estate of Larry Lucente, Warren Watterson and Lori Watterson filed an action in the Circuit Court of Cook County against Acer and Jean Lucente, administratrix of the Estate of Robert Lucente, seeking recovery for the alleged negligence of Robert Lucente. Acer was named as a defendant under the doctrine of respondeat superior;

plaintiffs allege that, although the trip to Florida was for recreational purposes, Robert Lucente was nonetheless acting within the scope of his employment. On December 17, 1991, Acer tendered its defense in the underlying suit to Avemco, contending that it is an "insured person" as defined by paragraph 7(b) of the Policy's definition section.[2] Avemco accepted the tender of defense from Acer, subject to a full reservation of rights.

Avemco is before this court seeking to clarify its obligations with respect to Acer's potential liability in the underlying action. In Count I, Avemco alleges that, contrary to the allegations of the underlying complaint, in flying to Florida, Robert Lucente and his passengers were not acting within the scope of their employment and, as such, Acer is not an "insured person" under the Policy. As an alternate theory, in Count III, Avemco contends that to the extent that Robert Lucente, his son and sons-in-law were acting within the scope of their employment, the provisions of the Illinois Worker's Compensation Act apply and, as such, Avemco has no duty to defend or indemnify Acer in the underlying suit. Finally, in Count IV, Avemco maintains that, assuming a duty to defend and indemnify, the fact that it paid $100,000 to Warren Watterson and Lori Watterson, relieves Avemco of any further duty to further indemnify Acer under the Policy for claims arising out of injuries suffered in the crash by Warren Watterson, including Lori Watterson's loss of consortium claim.

## II. DISCUSSION

■ Under Illinois law, "an insurer has two duties to an insured when a lawsuit is filed that may trigger the insurer's policy coverage: the duty to defend and the duty to indemnify." *Aetna Casualty and Sur. Co. v. Prestige Casualty Co.*, 195 Ill. App.3d 660, 664, 142 Ill.Dec. 689, 691, 553 N.E.2d 39, 41 (1st Dist.1990) (citing *Zurich Ins. Co. v. Raymark Indus., Inc.*, 118 Ill.2d 23, 112 Ill.Dec. 684, 514 N.E.2d 150 (1987)).

---

**1.** Defendant Acer also seeks dismissal of Count II for failure to state a claim. However, subsequent to the briefing of Acer's motion, Count II was dismissed pursuant to Fed.R.Civ.P. 41(a)(1). As such, Acer's motion to dismiss Count II of Avemco's complaint is denied as moot.

**2.** Paragraph 7(b) includes as an "insured person": "a person or organization using or responsible for the use of [Robert Lucente's] insured aircraft with [Robert Lucente's] permission."

These duties are separate and distinct, the duty to defend being the broader of the two. *Id.* We begin our analysis with Avemco's duty to defend.

■■■ The duty to defend hinges on a liberal reading of the underlying complaint: to the extent that a single cause of action is potentially within the policy coverage, the duty to defend is triggered, *Maryland Casualty Co. v. Peppers,* 64 Ill.2d 187, 193, 355 N.E.2d 24, 28 (1976), even if the insurer discovers that the allegations are groundless, false or fraudulent. *Thornton v. Paul,* 74 Ill.2d 132, 144, 23 Ill.Dec. 541, 545, 384 N.E.2d 335, 339 (1978). "Unless the complaint, on its face, clearly alleges facts which, if true, would exclude coverage, the potentiality of coverage is present and the insurer has a duty to defend." *Aetna Casualty,* 195 Ill.App.3d at 664, 142 Ill.Dec. at 691, 553 N.E.2d at 41 (citing *Reis v. Aetna Casualty & Sur. Co.,* 69 Ill.App.3d 777, 25 Ill.Dec. 824, 387 N.E.2d 700 (1st Dist.1978)). A court may look beyond the allegations of the complaint "only if the coverage issue involves such ancillary matters as whether the insured paid the premiums or whether he is the proper insured under the policy." *Bituminous Casualty Corp. v. Fulkerson,* 212 Ill.App.3d 556, 562, 156 Ill.Dec. 669, 674, 571 N.E.2d 256, 261 (5th Dist.1991); *State Farm Fire & Casualty Co. v. Shelton,* 176 Ill.App.3d 858, 867, 126 Ill.Dec. 286, 292, 531 N.E.2d 913, 919 (1st Dist. 1988); *cf. Fidelity & Casualty Co. of New York v. Envirodyne Eng.,* 122 Ill.App.3d 301, 306–08, 77 Ill.Dec. 848, 852–53, 461 N.E.2d 471, 475–76 (1st Dist.1983) (looking beyond the allegations of the underlying complaint where duty to defend hinged solely on the nature of the services performed by the insured, an issue which could not be considered an "ultimate fact" upon which recovery is predicated in the underlying case).

The gravamen of Avemco's current challenge is that the trip to Florida was for the personal benefit of Robert Lucente, Larry Lucente, James McCrone and Warren Watterson. As such, Avemco contends that they were not acting within the scope of their employment and, consequently, Acer is not an "insured person" under the Policy. In the alternative, if it is determined that the trip was for Acer's purposes, *i.e.,* Robert Lucente and his passengers were acting within the scope of their employment, Avemco, relying on exclusion 3(b) of Part I,[3] claims that it has no duty to defend Acer because workers' compensation was available to all claimants. These alternative theories set forth by Avemco revolve around the employment status of Robert Lucente and his passengers. If, however, this court were to hold that Robert Lucente, his son and sons-in-law were not acting within the scope of their employment at the time of the crash, plaintiffs in the underlying suit would be estopped from raising a theory of recovery against Acer, *i.e.,* liability based on the doctrine of respondeat superior. Accordingly, we will not look beyond the allegations of the underlying complaint in order to determine Avemco's duty to defend Acer.

■■■ The complaint filed in the Circuit Court of Cook County clearly alleges that the flight was for the benefit of Acer, and that Robert Lucente was acting within the scope of his employment with Acer at the time of the crash. The definition of an "insured person" under the Policy includes "a person or organization using or responsible for the use of [Robert Lucente's] aircraft with [Robert Lucente's] permission." Under the circumstances as alleged in the underlying complaint, we conclude that Acer is potentially covered as an "insured person" under the Policy, thus triggering Avemco's duty to defend Acer.[4]

■■■ Having held that Avemco is obligated to defend Acer in the underlying tort action, we turn to Avemco's duty to indemnify. The duty to indemnify, unlike the duty to defend, "turns upon the facts of the underlying suit[ ]." *United Nat'l Ins.*

---

**3.** This exclusion provides: "This Coverage does not apply to ... Bodily injury to ... an employee of any insured person when workers' compensation is available or required."

**4.** An exception to the general duty to defend arises only when there is a conflict of interest between the insurer and the insured. *Murphy v. Urso,* 88 Ill.2d 444, 455–56, 58 Ill.Dec. 828, 833, 430 N.E.2d 1079, 1084 (1981). In such a circumstance, the insurer is absolved from provid-

*Co. v. Dunbar & Sullivan Dredging Co.,* No. 89–8922, 1990 WL 139269, * 1, 1990 U.S. Dist. LEXIS 12188, at * 2 (N.D.Ill. Sept. 14, 1990) (interpreting Illinois law), *aff'd,* 953 F.2d 334 (7th Cir.1992). As such, the duty to indemnify is triggered, "only after the insured becomes legally obligated to pay damages in the underlying action." *Aetna Casualty,* 195 Ill.App.3d at 664, 142 Ill.Dec. at 691, 553 N.E.2d at 41 (citing *Zurich Ins. Co. v. Raymark Indus., Inc.,* 118 Ill.2d 23, 112 Ill.Dec. 684, 514 N.E.2d 150 (1987); *see also Dunbar,* 953 F.2d at 338 (citing *Maryland Casualty Co. v. Chicago & Northwestern Transp. Co.,* 126 Ill. App.3d 150, 81 Ill.Dec. 289, 466 N.E.2d 1091 (1st Dist.1984)); *Doran v. Corn Products–U.S., Div. of CPC Int'l,* 776 F.Supp. 368, 374–75 (N.D.Ill.1991) (interpreting Illinois law). To date, no determination has been made in the underlying suit respecting Acer's liability. Accordingly, Avemco's current action, seeking a declaration of its duty to indemnify Acer, is premature and must await resolution of the underlying suit. Indeed, Avemco concedes as much: "Plaintiff agrees that should this court determine that plaintiff has a duty to defend [Acer], a determination as to whether plaintiff has a duty to indemnify Acer would be premature."[5] Avemco's Response to Mary Lucente's Motion to Dismiss at 2. To the extent that Counts I, III and IV seek a declaration of Avemco's duty to indemnify Acer, they are dismissed without prejudice.

## III. CONCLUSION

For the reasons set forth above, we declare that Avemco is obligated to defend

Acer in the underlying action filed in the Circuit Court of Cook County, No. 90 L 18100. To the extent that Counts I, III and IV seek a declaration of Avemco's duty to indemnify Acer, they are dismissed without prejudice. It is so ordered.

---

ing a defense, but remains liable for the costs of the insured's defense and must reimburse him in the event an adverse result occurs in the underlying action. *Clemmons v. Travelers Ins. Co.,* 88 Ill.2d 469, 475, 58 Ill.Dec. 853, 858, 430 N.E.2d 1104, 1109 (1981); *Burlington N. R.R. v. Illinois Emcasco Ins. Co.,* 158 Ill.App.3d 783, 785, 110 Ill.Dec. 599, 601, 511 N.E.2d 776, 778 (1st Dist.1987). In the instant case, however, Avemco concedes that there is no conflict between it and Acer with regard to the conduct of the latter's defense.

5. After the instant motions were fully briefed, and in direct contradiction to the above-quoted concession, Avemco cited *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677 (7th Cir. 1992), for the proposition that "where the in-

demnity issue relates to the amount of insurance coverage available, a declaratory judgment prior to determination of the underlying suit is not premature." Avemco's Motion for Leave to Cite Additional Authority at 1–2. This proposition, however, was not the holding of *Bankers Trust.* Instead, the court in *Bankers Trust* held that a suit to determine an insurer's obligations to indemnify its insured up to the limits of the policy falls within the scope of Article III's grant of jurisdiction to federal courts over cases and controversies. *Id.* at 682. The court explicitly noted that the decision to "hold off resolving the [indemnity] dispute ... until it is clearer that that dispute will not become moot" rests within the equitable discretion of the district court. *Id.*