FATHERS OF THE ORDER OF MOUNT CARMEL, INC., Crespi High School, Carmelite Father John Knoernschild, O.Carm., Carmelite Father Joe Atcher, O.Carm., Plaintiffs,

v.

NATIONAL BEN FRANKLIN INSURANCE COMPANY OF ILLINOIS and the Continental Insurance Company, Defendants.

No. 88 C 4067.

United States District Court, N.D. Illinois, E.D.

Aug. 26, 1988.

Thomas E. Roche, Michael T. Reid, Half-penny, Hahn & Roche, Chicago, Ill., for plaintiffs.

Harvey J. Cohen, Aries, Hoyt & Taden, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiffs Fathers of the Order of Mount Carmel, Inc., Crespi High School, Carmelite Father John Knoernschild, O.Carm. and Carmelite Father Joe Atcher, O.Carm. ("plaintiffs") filed this action against defendants National Ben Franklin Insurance Company of Illinois ("National Ben") and the Continental Insurance Company ("Continental") (collectively, "defendants") seeking a declaratory judgment that defendants are obligated to defend plaintiffs in a case pending in the Superior Court for the State of California (the "California action").[1] Defendants have moved to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(1) and (7) or, in the alternative, to transfer this case to the United States District Court for the Central District of California. For the reasons that follow, defendants' motion is denied.

### I. Motion to Dismiss Pursuant to Fed.R. Civ.P. 12(b)(1)

■ Defendants argue that this court lacks subject matter jurisdiction because there is not complete diversity between the parties. Plaintiff Fathers of the Order of Mount Carmel, Inc. (the "Order") is a California corporation with a facility located in Barrington, Illinois. Defendants contend that the Barrington facility is the Order's principal place of business and that the Order is therefore a citizen of Illinois, as well as a citizen of California. Because National Ben is an Illinois corporation, defendants argue, there is not complete diversity between every plaintiff and every defendant.

For purposes of diversity jurisdiction between citizens of different states, a corporation is deemed a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). The "nerve center" of the corporation is its principal place of business, as evidenced by the presence of a corporate facility, officers and employees, and maintenance of corporate records. *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir.1986).

Plaintiffs maintain that California is the Order's principal place of business. Plaintiffs' Memo. at 2. They offer the affidavit of Reverend Murray Phelan to establish that the Order maintains its assets, derives

---

**1.** In *Larry Gabriel v. Fathers of the Order of Mount Carmel, Inc., et al.,* plaintiff sued the plaintiffs in this case for breach of contract, breach of duty of good faith and fair dealing, intentional infliction of emotional distress and fraud.

virtually all of its income and makes all expenditures from California. Phelan Affidavit ¶¶ 3–8. Allegedly, the facility in Illinois is involved only "in occasional high level policy decisions," rather than the day-to-day operations of the Order or Crespi High School. *Id.* at ¶ 9. These allegations establish that California is the Order's principal place of business and sufficiently contradict the conclusory affidavit of defendants' attorney.[2] *See Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) (on motion to dismiss for lack of subject matter jurisdiction, court may examine conflicting evidence and decide for itself factual issues that determine jurisdiction). Accordingly, defendants' motion to dismiss on this ground is denied.

## II. Motion to Dismiss Pursuant to Fed.R. Civ.P. 12(b)(7)

Defendants further argue that the complaint should be dismissed for failure to join a party under Fed.R.Civ.P. 19. They contend that Larry Gabriel, plaintiff in the California action against the plaintiffs in this case, is a necessary party to these proceedings. Defendants' Motion ¶ 16. Plaintiffs claim that this case raises only the question of whether defendants are obligated to defend the plaintiffs in the California action, and that Larry Gabriel has no legal interest in who defends the parties he has sued. Plaintiffs' Memo. at 3–4.

An injured party is a necessary party in a declaratory judgment action brought by an insurer against the insured regarding the insurer's obligation to provide coverage. *M.F.A. Mut. Ins. Co. v. Cheek*, 66 Ill.2d 492, 6 Ill.Dec. 862, 864, 363 N.E.2d 809, 811 (1977). As the Illinois Supreme Court reasoned, injured parties have a substantial right in the viability of the policy that should not be defeated by the insureds' failure to appear. Accordingly, the injured individuals are necessary parties defendant to such an action. *Id.*

In this case, however, the insureds instituted this action against their insurers for declaratory judgment that the defendant insurers are obligated to defend them in the California action. Plaintiffs seek a declaratory judgment in favor of coverage, and their position protects Larry Gabriel's potential interest in the viability of the policy. Therefore, he is not a necessary or essential party to this action. Defendants' motion to dismiss on this ground is denied.

## III. Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a)

In the alternative, defendants request that this action be transferred to the United States District Court for the Central District of California. Defendants' Motion at 1. 28 U.S.C. § 1404 provides in part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The party moving to transfer the action has the burden of establishing that the action should be transferred. *Genden v. Merrill Lynch, Pierce, Fenner & Smith*, 621 F.Supp. 780, 782 (N.D.Ill.1985). The movant must establish that (1) venue is proper in the transferor district, (2) the transferee court is in a district where the case might have been brought, and (3) the transfer is for the convenience of the parties and witnesses and in the interest of justice. *Ratner v. Hecht*, 621 F.Supp. 378, 381 (N.D.Ill.1985). Plaintiffs' choice of forum is a factor to be balanced in the determination of convenience. *Id.* at 382. Movant must show a "clear balance of inconvenience" in this district, as compared to the transferee district. *Id.*

The procedural requirements appear to be satisfied in this case. Venue is proper in this district because all defendants reside in this district. 28 U.S.C. § 1391(a). This case may have been brought originally in the District Court for the Central District of California; the court would have

---

**2.** Defendants proffer the conclusory affidavit of their own attorney to establish that Illinois is the Order's nerve center and principal place of business. Affidavit of Harvey J. Cohen, ¶ 7.

subject matter jurisdiction based upon diversity of citizenship. Presuming that all plaintiffs reside in the Central District of California, venue would be proper in that district. 28 U.S.C. § 1391(a).

Notwithstanding the foregoing, however, defendants have not demonstrated a clear balance of inconvenience in this district. Defendant Continental is a New Hampshire corporation licensed to do business in Illinois; defendant National Ben is an Illinois corporation with its principal place of business in Illinois. *Id.* at ¶¶ 3, 4. This action arises in connection with an insurance contract entered into in Illinois, presumably between defendants and plaintiffs' agents who reside in Illinois.[3] Complaint ¶ 5. Although the contract was to be performed in California, the issue of defendants' obligation to defend merely involves construction of the terms of the contract. The underlying cause of action therefore bears a significant relationship to plaintiffs' choice of forum. It is the plaintiffs, rather than the defendants, who would be inconvenienced by the litigation of this case in this district. Because the factors weighing in favor of transfer to California do not demonstrate a clear balance of inconvenience in this district, defendants' motion to transfer shall be denied.

IV. Plaintiffs' Motion for Costs and Attorneys' Fees

Plaintiffs request that they be awarded costs and attorneys' fees incurred in connection with this motion because "defendants' refusal to defend is contrary to the manifest weight of legal authority." Plaintiffs' Memo. at 6. This motion, however, addresses only the procedural aspects of plaintiffs' action. Because the merits of the underlying claim are not presently before the court, plaintiffs' motion for sanctions based upon defendants' challenged conduct is premature and shall be denied.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, to transfer this action to the United States District Court for the Central District of California is denied. Plaintiffs' motion for costs and attorneys' fees incurred in connection with this motion is denied.

---

**3.** The contract itself may contain a choice of law provision that would govern disputes arising in connection with the contract. Neither party addresses the issue and the contract is not part of the record.