# PUBLISH

## UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

---

MAX LEE RISHELL, Curator of the
person and estate of Kathleen Lacey,
an incapacitated person,

      Plaintiff-Appellant,

      and

MARRIOTT CORPORATION, as Plan
Fiduciary of the Marriott Corporation
Multi-Med Health Plan,

      Plaintiff-Intervenor,

      v.

JANE PHILLIPS EPISCOPAL
MEMORIAL MEDICAL CENTER;
JANE PHILLIPS EPISCOPAL
HOSPITAL, INC., formerly Jane G.
Phillips Memorial Hospital, Inc.,
doing business as Oklahoma Medical
Collection Services; CHARLES
WELLSHEAR, M.D.,

      Defendants-Appellees.

No. 95-5034

---

Appeal from the United States District Court
for the Northern District of Oklahoma
(D.C. No. 94-C-636-B)

---

Larry Alan Tawwater (Ben T. Lampkin and Jo L. Slama, with him on the brief),

of Lampkin, McCaffrey & Tawwater, Oklahoma City, Oklahoma, for Plaintiff-Appellant.

Inona Jane Harness (Haven Tobias, with her on the briefs), of Pierce, Couch, Hendrickson, Baysinger & Green, Oklahoma City, Oklahoma, for Defendant-Appellee Charles Wellshear, M.D.

Stephen J. Rodolf (Barry L. Smith and Leslie C. Weeks, with him on the briefs), of Barkley & Rodolf, Tulsa, Oklahoma, for Defendant-Appellee Jane Phillips Episcopal Hospital.

---

Before **SEYMOUR**, Chief Judge, **PORFILIO**, and **TACHA**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

This case is before us a second time for review of a pretrial ruling. In the previous appeal, we reversed the district court's determination that diversity jurisdiction was lacking and remanded for further proceedings on the jurisdictional issue. Rishell v. Jane Phillips Episcopal Memorial Medical Ctr., 12 F.3d 171 (10th Cir. 1993). On remand the district court overruled defendants' motion to dismiss for lack of diversity jurisdiction, but dismissed the action under Fed. R. Civ. P. 19 for failure to join indispensable parties. Plaintiff again appeals and we reverse.

I

Plaintiff Max Lee Rishell is the curator of the person and estate of Kathleen Lacey. Mrs Lacey exists in a permanent vegetative state as a result of her failed attempt to commit suicide while she was hospitalized in defendant institution and under the care of defendant Dr. Charles Wellshear. Mr. Rishell brought this negligence action to recover damages resulting from Mrs. Lacey's injuries.

This case has already had a tortuous procedural history. It was originally filed in the Western District of Oklahoma. After that court dismissed for lack of diversity jurisdiction, Mr. Rishell filed this appeal and, together with Mrs. Lacey's husband and children, also filed an action in state court to prevent perceived statute-of-limitations problems. Defendants filed a motion with this court to dismiss the appeal, arguing for the first time that Mrs. Lacey's husband

and children are indispensable parties whose joinder would destroy diversity jurisdiction. We summarily denied the motion and directed the parties to proceed with the oral argument scheduled some ten days later. After we reversed and remanded, defendants moved in district court to dismiss for failure to join indispensable parties. While this motion was pending, the court transferred the action to the Northern District of Oklahoma, which granted the motion.

In this appeal, Mr. Rishell contends that this court's order denying defendants' motion to dismiss for lack of indispensable parties constitutes the law of the case, and that the district court therefore had no authority to consider the merits of that issue. Mr. Rishell argues in the alternative that Mrs. Lacey's husband and children are not indispensable parties and that the lower court abused its discretion in holding to the contrary. We conclude that the doctrine of the law of the case does not apply in the circumstances here. We further hold, however, that Mrs. Lacey's husband and children are not indispensable parties. Accordingly, we again reverse and remand for further proceedings.

II

We first address and reject Mr. Rishell's assertion that the district court was precluded by the law of the case from considering the indispensable party issue. As we have noted, defendants' motion filed in this court seeking dismissal for failure to join indispensable parties was summarily denied without discussion.

"Law of the case principles do 'not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded.'" Wilmer v. Board of County Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995) (quoting United States v. Caterino, 29 F.3d 1390, 1395 (9th Cir. 1994)).

Mr. Rishell correctly argues that law of the case applies to issues that are resolved implicitly as well as to those decided explicitly. We have articulated three circumstances in which an issue will be considered implicitly decided for purposes of the law of the case. See Guidry v. Sheet Metal Workers Local No. 9, 10 F.3d 700, 707 (10th Cir. 1993), modified on other grounds, 39 F.3d 1078 (10th Cir. 1994), cert. denied, 115 S. Ct. 1691 (1995). The doctrine applies when:

> (1) resolution of the issue was a necessary step in resolving the earlier appeal; (2) resolution of the issue would abrogate the prior decision and so must have been considered in the prior appeal; and (3) the issue is so closely related to the earlier appeal its resolution involves no additional consideration and so might have been resolved but unstated.

Id. The district court determined that our summary denial did not fall within any of these circumstances and that we therefore did not implicitly decide the

indispensable party issue.[1]

---

[1] In rejecting Mr. Rishell's argument on this issue, the district court pointed to the fact that defendants' motion was filed less than two weeks before oral argument was scheduled. The court concluded that this "eleventh hour" motion was not well received on the basis of timing rather than on the basis of substance.

Mr. Rishell does not argue that the district court applied these factors incorrectly. He contends instead that our summary denial implicitly decided the issue because it was presented in the motion we denied. Although we acknowledge that the three factors set out above are not exhaustive, see id. at 707 n.5, we nevertheless rejected an analogous argument in Wilmer. There the defendant argued that because a court must always satisfy itself of its jurisdiction, a decision on the merits is an implicit ruling that jurisdiction is present. We disagreed, holding that even though the jurisdictional issue had been recognized by the dissenting opinion, "such a theoretical consideration should not be confused with the implicit but actual determination necessary to invoke the law of the case doctrine." Wilmer, 69 F.3d at 409 (emphasis in original). Here, as in Wilmer, the fact that a court of appeals should raise the issue of indispensable parties sua sponte does not in and of itself require the imputation of an implicit determination of the issue. We conclude that the district court was not barred from addressing the indispensable party issue on remand, and we therefore turn to the merits of that issue.

III

"We review a district court's decision as to whether a party is indispensable for an abuse of discretion." Resolution Trust Corp. v. Stone, 998 F.2d 1534, 1549 (10th Cir. 1993). In so doing, we "must consider 'whether the decision maker

-6-

failed to consider a relevant factor, whether he [or she] relied on an improper factor, and whether the reasons given reasonably support the conclusion.'" Kickapoo Tribe of Indians in Kansas v. Babbitt, 43 F.3d 1491, 1497 (D.C. Cir. 1995)(quoting Johnson v. United States, 398 A.2d 3654, 365 (d.C. 1979)) (alteration in original).  The standards set out in Rule 19 for assessing whether an absent party is indispensable are to be applied "in a practical and pragmatic but equitable manner."  Francis Oil & Gas, Inc. v. Exxon Corp., 661 F.2d 873, 878 (10th Cir. 1981).  See also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 106-07 (1968).  "The moving party has the burden of persuasion in arguing for dismissal."  Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).

Determining whether an absent party is indispensable requires a two-part analysis.  See id.; Francis Oil & Gas, 661 F.2d at 877-78.  The court must first determine under Rule 19(a) whether the party is necessary to the suit and must therefore be joined if joinder is feasible.  If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b)  whether the party is indispensable.  If so, the suit must be dismissed.

Whether Mrs. Lacey's husband and children are necessary parties under Rule 19(a) requires assessment of three factors.  The court must consider (1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical

-7-

matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations.[2] In ruling that the absent parties here are necessary, the district court concluded that a disposition in this action might impair or impede their ability to protect their own interests. <u>See</u> Aplt. App. vol. III, at 594.[3]

We are not convinced that, as a practical matter, the interests of the absent parties will be impaired by this suit. It is true that under Oklahoma law the interest of the husband in recovering damages for loss of consortium arising from injuries to his wife is derivative of the wife's right to recover, and that the

---

[2] Rule 19(a) provides in pertinent part :

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P 19(a). We consider parts 2(i) and 2(ii) separately in our analysis.

[3] The district court relied on <u>Aguilar v. Los Angeles County</u>, 751 F.2d 1089 (9th Cir. 1985), and <u>Lopez v. Martin Luther King, Jr. Hosp.</u>, 97 F.R.D. 24 (C.D. Cal. 1983), in finding prejudice to the absent parties. To the extent that those cases are contrary to the authorities and analysis we have set out in the text on this issue, we do not find them persuasive. Indeed, the dissenting opinion in <u>Aguilar</u> is more convincing and in keeping with the weight of authority.

-8-

husband would therefore be barred in the state court action by an adverse determination here.  See Laws v. Fisher, 513 P.2d 876 (Okla. 1973).[4]  However, the prejudice to the relevant party's interest "may be minimized if the absent party is adequately represented in the suit."  Makah Indian Tribe, 910 F.2d at 558.  See also Wichita & Affiliated Tribes of Oklahoma v. Hodel, 788 F.2d 765, 774-75 (D.C. Cir. 1986); Heckman v. United States, 224 U.S. 413, 444-45 (1912); 3A James Moore, Moore's Federal Practice ¶19.07[2.-1], at 19-106 (2d ed. 1995) ("the fact that the absent person may be bound by the judgment does not of itself require his joinder if his interests are fully represented by parties present").

Mr. Rishell, as Mrs. Lacey's curator, has an interest in establishing a right to recover for her injuries that is virtually identical to the interest of her husband and children in establishing their derivative claim.  Indeed, Mr. Rishell presented an affidavit to the district court executed by Mr. Lacey in which Mr. Lacey acknowledges and agrees to the likely impairment of his interest and that of the children.  The district court discounted the affidavit because Mr. Lacey had not signed a waiver agreeing to drop the state court claim, relying on Saratoga Dev.

---

[4] The Oklahoma courts have consistently described a spouse's loss of consortium as a derivative interest.  See, e.g., Walker v. City of Moore, 836 P.2d 1289, 1292 n.4 (Okla.1992). Those courts have also held that children may maintain a cause of action for loss of parental consortium which contains many of the same elements that make up the spousal claim.  See Williams v. Hook, 804 P.2d 1131, 1132 n.1 (Okla 1990).  Although the Oklahoma courts have not directly addressed the issue, we presume that the children's claim is derivative as well.

Corp. v. United States, 777 F. Supp. 29 (D.D.C. 1991). The court's reliance upon

Saratoga was unwarranted in two regards. First, the court in that case did not

require a waiver; the court merely observed that the execution of a waiver

eliminated any possible prejudice. Id. at 34. Second and more significantly, in

requiring a written waiver here the district court applied a mechanical approach

rather than assessing the circumstances pragmatically. If, as a practical matter,

the interests of the absent parties will be adequately represented, their interests

will not be impaired and a waiver becomes a mere technicality.[5] Consequently,

we are not persuaded defendants carried their burden of persuasion on the

necessary party issue.

Even assuming they did, however, we do not agree with the district court

that the absent parties are indispensable under Rule 19(b). Determining whether

an absent party is indispensable requires a court to consider:

> first, to what extent a judgment rendered in the person's absence
> might be prejudicial to the person or those already parties; second,
> the extent to which, by protective provisions in the judgment, by the
> shaping of relief, or other measures, the prejudice can be lessened or
> avoided; third, whether a judgment rendered in the person's absence
> will be adequate; fourth, whether the plaintiff will have an adequate

---

[5] The district court did not directly address the affidavit in the context of assessing prejudice to defendants. As we discuss in reviewing the court's Rule 19(b) analysis, however, the court was clearly concerned with prejudice to the defendants arising from their need to defend two suits, and accordingly gave primary emphasis to the judicial economy of deciding all claims in one action. As we set out in text, this concern cannot be made dispositive under the circumstances here.

remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  The district court based its decision to dismiss primarily on the fourth factor, the availability of an alternative forum.  In so doing, it misperceived the circumstances in which this factor may be viewed as dispositive.

Rule 19(b) analysis requires that the factors be evaluated in a practical and equitable manner, and be given the appropriate weight.  As we have discussed above, prejudice to the absent parties is not a concern here because of the identity of interests between Mr. Rishell and those parties.  Moreover, prejudice to defendants is minimized due to the likelihood that a verdict in their favor in this action would bar recovery by the absent parties in the state action, while a verdict against them would not itself increase their exposure.[6]  The first factor therefore weighs against dismissal.  Because prejudice here is minimal, we need not be concerned with the second factor, which addresses the availability of means for lessening or avoiding prejudice.  The third factor requires consideration of whether an adequate remedy can be awarded without the absent party.  Mr. Rishell, should he prevail, would be able to recover damages on behalf of Mrs.

---

[6] We reject as sheer speculation and otherwise inappropriate defendants' argument that a state court jury would award damages to the husband and children separately in an amount greater than would be awarded in a single action.  We likewise reject plaintiff's argument that a state court jury would be more sympathetic to defendants.  See Walsh v. Centeio, 692 F.2d 1239, 1244 n.5 (9th Cir. 1982) (loss of the benefit of diversity jurisdiction will not alone prevent a dismissal under Rule 19(b)).

Lacey for her injuries despite the lack of her husband and children as parties. The third factor therefore also counsels against dismissal.

We turn then to the fourth factor and assess whether the fact that Mr. Rishell may have an adequate remedy in state court requires dismissal of this action. The district court gave this factor dispositive weight, observing that some courts have viewed this consideration as the most important one of the four. Most courts have done so, however, only when an alternative forum is not available. "The availability of an alternative forum is primarily of negative significance under Rule 19. The absence of an alternative forum would weigh heavily, if not conclusively against dismissal while the existence of another forum would not have as significant an impact in favor of dismissal." Pasco Int'l (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 501 n.9 (7th Cir. 1980). Hence, courts "'do not view the availability of an alternative remedy, standing alone, as a sufficient reason for deciding that the action should not proceed among the parties before the court.'" Id. at 501 (quoting Bio-Analytical Servs., Inc. v. Edgewater Hosp., Inc., 565 F.2d 450, 453 (7th Cir. 1977), cert. denied, 439 U.S. 820 1978)). "[T]he potential existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his or her choice. Some additional interest of either the absent party, the other properly joined parties or entities, or the judicial system must also be present." Local 670, United Rubber Workers v. International Union, United Rubber Workers, 822 F.2d 613, 622 (6th

Cir. 1987), <u>cert. denied</u>, 484 U.S. 1019 (1988).  <u>Accord</u> <u>Pasco</u>, 637 F.2d at 501.

"[J]udicial economy and convenience do not in themselves provide grounds for

dismissal."  <u>Boone v. General Motors Acceptance Corp.</u>, 682 F.2d 552, 554 (5th

Cir. 1982).

We agree with these courts.  The district court should not have given

dispositive weight to the availability of an alternative forum.  Mr. Rishell, as

plaintiff, has an interest recognized by federal law in the forum of his choice,

which is not outweighed here by the interests of the absent parties, defendants, or

the judicial system.  Accordingly, we conclude the district court abused its

discretion in dismissing Mr. Rishell's action under Rule 19.

We **REVERSE** the judgment of the district court and **REMAND** for further

proceedings.