EVANGELICAL LUTHERAN CHURCH IN AMERICA and Texas–Louisiana Gulf Coast Synod Of The Evangelical Lutheran Church In America, Plaintiffs,

v.

ATLANTIC MUTUAL INSURANCE COMPANY, Defendant.

No. 97 C 3083.

United States District Court, N.D. Illinois, Eastern Division.

June 24, 1997.

James Charles Geoly, Marc Eric Rosenthal, Michael Thomas Zeller, Mayer, Brown & Platt, Chicago, IL, for Plaintiffs.

James Thomas Ferrini, Amy Rich, Paulus, Mark Douglas Paulson, Clausen, Miller, Gor-

---

man, Caffrey & Witous, P.C., Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Plaintiffs' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a party under Federal Rule of Civil Procedure 19.

The motion is denied.

## I. BACKGROUND

In a state court in Texas, Cindy Clark alleges that she was sexually molested by a minister employed by Plaintiff Evangelical Lutheran Church in America. The Evangelical Lutheran Church has a couple of liability policies issued by Defendant Atlantic Mutual Insurance Company.

Plaintiffs filed this declaratory judgment action to determine whether Atlantic Mutual is required to defend and indemnify them in the underlying sexual molestation case.

Cindy Clark, the tort claimant in the underlying sexual molestation case, is not a party to this declaratory judgment action.

## II. DISCUSSION

Atlantic Mutual argues that Cindy Clark is a necessary and indispensable party to this declaratory judgment action under Rule 19; thus, because she was not made a party to the action, the case must be dismissed under Rule 12(b)(7).

The Court disagrees.

"Rule 19 sets up a bifurcated analysis." *United States v. Tribal Dev. Corp.*, 100 F.3d 476, 478 (7th Cir.1996). First, the court is to determine whether the individual is a "necessary" party under Rule 19(a); second, if the individual is "necessary" but cannot be made a party, the court must determine whether the individual is "indispensable" under Rule 19(b). *Id.* at 478–79.

For the purposes of this opinion, the Court will assume that Cindy Clark is a "necessary" party under Rule 19(a). Both parties agree that she cannot be made a party to this action because the Court lacks personal jurisdiction over her. Accordingly, the Court must now determine whether she is an "indispensable" party under Rule 19(b).

Rule 19(b) mandates a "practical and equitable" analysis. *Rishell v. Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1412 (10th Cir.1996). The court is asked to determine whether "in equity and good conscience the action should proceed" in the absence of the "necessary" party. FED. R. CIV. P. 19(b). If the matter should proceed, the individual is not an "indispensable" party. To aid courts in the "equity and good conscience" analysis, the rule list four factors to consider:

(1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;

(2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

(3) whether a judgment rendered in the person's absence will be adequate;

(4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED. R. CIV. P. 19(b). As discussed below, the Court concludes that the factors weigh in favor of finding that Cindy Clark is not an "indispensable" party; accordingly the action can proceed.

First, and most important, Cindy Clark is not prejudiced by her absence. Both her and the Evangelical Lutheran Church want the same thing—*i.e.*, that the alleged wrongful conduct is covered by the insurance policies.[1] Because of this "identity of interest" between Cindy Clark and the Evangelical

---

1. Cindy Clark's concern is to get money if she wins her case. She doesn't really care who it comes from. Thus, to say that she and the Evangelical Lutheran Church want the same thing is somewhat illusory. The church wants the insurance coverage so the potential damages do not have to be paid out of its pockets. As long as the church has the money irrespective of the insurance policies to pay the damages—which it probably does—Cindy Clark couldn't care less about this action. But, for the purposes of this opinion, the Court will proceed as if the church does not have the funds to cover the damages. Thus,

Lutheran Church, the first factor weighs *heavily* against finding that Cindy Clark is indispensable.[2] *See Phillips Episcopal,* 94 F.3d at 1412. ("[P]rejudice to the absent parties is not a concern here because of the identity of interests between Mr. Rishell and those parties.").

Because the Court concluded that Cindy Clark will not be prejudiced by her absence, the second factor—the extent to which the prejudice can be lessened or avoided—is of no concern.

Regarding the third factor, an adequate judgment can certainly be rendered in Cindy Clark's absence. Once again, both parties want the same thing—a judgment in favor of insurance coverage. Accordingly, this factor also weighs against finding that she is an indispensable party.

The fourth factor asks whether the Evangelical Lutheran Church has an adequate remedy in another court if this action is dismissed. The answer is "yes," but this factor is accorded virtually no weight. *Pasco Int'l (London) Ltd. v. Stenograph Corp.,* 637 F.2d 496, 501 n. 9 (7th Cir.1980) ("The availability of an alternative forum is primarily of negative significance under Rule 19."). The absence of an alternative forum would of course weigh heavily, if not conclusively, *against* dismissal, but the fact that an alternative forum exists, by itself, is not enough to outweigh the plaintiff's right to the forum of his choice.[3] *Id.* at 501.

### III. CONCLUSION

Assuming Cindy Clark is a "necessary" party under Rule 19(a), she is not—due to the lack of prejudice—an "indispensable" party under Rule 19(b). Accordingly, this matter may proceed in her absence. The motion to dismiss is denied.

---

both the church and Cindy Clark want the policies to cover the alleged wrongful conduct.

2. As the case proceeds, if for some strange reason—that is beyond comprehension at this point—the Court learns that the Evangelical Lutheran Church and Cindy Clark's interests diverge, the Court can always reconsider this opin-

ion. Such a situation is highly unlikely, though, because the church does not want to pay the potential judgment out of its own pockets.

3. Atlantic Mutual argues strenuously that the state of Texas is a more appropriate forum for this action. Perhaps it should file a motion to change venue under 28 U.S.C. § 1404.