**WINKLEVOSS CONSULTANTS, INC. and Howard Winklevoss, Plaintiffs,**

**v.**

**FEDERAL INSURANCE CO., Defendant.**

**No. 97 C 1621.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 14, 1997.

John Stanley Vishneski, Paul R. Walker-Bright, Keck, Mahin & Cate, Chicago, IL, David A. Stall, Gavntlett & Associates, Irvine, CA, for Winklevoss Consultants, Inc., Howard Winklevoss.

Robert Marc Chemers, Michael Anthony Clarke, Daniel Gene Wills, Pretzel & Stouffer, Chtd. Chicago, IL, for Federal Ins. Co.

### *MEMORANDUM OPINION AND ORDER*

CASTILLO, District Judge.

The Winklevoss plaintiffs (collectively, "Winklevoss") seek a declaratory judgment under 28 U.S.C. § 2201 that an insurance policy issued by defendant Federal Insurance Company requires Federal to defend and indemnify Winklevoss for business tort and trade secret claims brought in a separate action pending here in the Northern District

of Illinois.[1] The underlying suit, entitled *Lynchval Systems, Inc. v. Winklevoss Consultants, Inc. et al.,* alleges that Winklevoss misappropriated proprietary formulas Lynchval used to develop its computer software products. Winklevoss tendered the *Lynchval* action to Federal for a defense; Federal agreed to defend certain allegations added to Lynchval's Second Amended Substitute Complaint but refused to defend or indemnify against the original allegations.

After Winklevoss filed this suit for declaratory relief, Federal brought a motion to dismiss, which is presently before the Court. Federal argues that this action should be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(7) for failure to join Lynchval, a professed "necessary" party under Rule 19. We disagree, and therefore deny the motion.

 Before we discuss the propriety of dismissal or joinder, however, we must address a preliminary issue. Winklevoss' complaint requests a judgment that Federal has both a duty to defend Winklevoss and . an obligation to indemnify it against a potential damage award in the *Lynchval* action. The Seventh Circuit is clear that the issue of whether an insurer must indemnify its insured is not ripe until the underlying litigation ends. *Travelers Ins. Co. v. Penda Corp.,* 974 F.2d 823, 833 (7th Cir.1992); *United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.,* 953 F.2d 334, 338 (7th Cir.1992). While the duty to defend "hinges on a liberal reading of the underlying complaint" and thus can be determined on the pleadings, the duty to indemnify "turns upon the facts of the underlying suit [ ]." *Avemco Ins. Co. v. Acer Enters., Inc.,* 796 F.Supp. 343, 346–47 (N.D.Ill.1992) (internal citations and quotations omitted). "As such, the duty to indemnify is triggered, 'only after the insured becomes legally obligated to pay damages in the underlying action.'" *Id.* (quoting *Aetna Cas. & Sur. Co. v. Prestige Cas. Co.,* 195 Ill.App.3d 660, 664, 142 Ill.Dec. 689, 691, 553 N.E.2d 39, 41 (1st Dist.1990)). Because the *Lynchval* suit is still pending, we must stay the portion of Winklevoss' complaint relating

to Federal's duty to indemnify until the *Lynchval* suit is over. We will administratively dismiss this issue from the suit with leave to reinstate should the *Lynchval* court enter judgment against Winklevoss. Accordingly, we consider the issues of dismissal and joinder only with respect to the duty to defend portion of the litigation.

 Joinder in federal court is governed by Rule 19. 7 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1604 (2d ed. 1986). The Rule sets up a two-part analysis. *United States ex rel. Hall v. Tribal Dev. Corp.,* 100 F.3d 476, 478 (7th Cir.1996). First, the court discerns whether the absent party is "necessary" under Rule 19(a). *Id.* A party is necessary if (1) the court cannot award complete relief in the party's absence or (2) the absent party " 'claims an interest relating to the subject matter of the action,' " and the party's absence will either (a) prejudice his ability to protect that interest or (b) " 'leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.' " 7 WRIGHT ET AL., § 1604 (quoting Fed.R.Civ.P. 19(a)). If none of these conditions is met, the party is not necessary and need not be joined. If the party is necessary, it must be joined unless it is not "feasible" to do so, i.e., the party is not subject to service of process, or its joinder would thwart diversity jurisdiction or venue. *Id.* When joinder is infeasible, the court moves on to the second inquiry, found in Rule 19(b); can the court proceed "in equity and good conscience" with the parties before it? Fed. R.Civ.P. 19(b). If not, the absent party is deemed indispensable; only in this circumstance may the court dismiss the lawsuit on the basis of nonjoinder. *See Hall,* 100 F.3d at 479. Because we determine that Lynchval is not even a necessary party under Rule 19(a), much less indispensable under Rule 19(b), dismissal is unwarranted.

 Although the Seventh Circuit has not addressed the issue, federal courts in this district have uniformly held that a plaintiff suing the insured (the "injured party") is not

---

1. The complaint also alleges that Federal's refusal to agree to defend and indemnify Winklevoss for the underlying suit breaches the insurance policy terms.

an indispensable party to a declaratory judgment action that the insured brings to determine the insurer's duty to defend. *See, e.g., Fathers of the Order of Mount Carmel, Inc. v. National Ben Franklin Ins. Co.,* 697 F.Supp. 971, 973 (N.D.Ill.1988); *Evangelical Lutheran Church v. Atlantic Mutual Ins. Co.,* 173 F.R.D. 507, 508–09 (N.D.Ill.1997); *Americas Ins. Co. v. City of Chicago,* 1997 WL 51436, at *1–2 (N.D.Ill. Feb. 3, 1997); *Providence Hosp. v. Rollins Burdick Hunter of Illinois, Inc.,* 1993 WL 278552 (N.D.Ill. July 20, 1993); *Sliwa v. Hunt,* 1992 WL 346425, at *2 (N.D.Ill. Nov. 18, 1992). As Judge Shadur observed, " 'Given the Supreme Court's decision in the *Provident Tradesmens* case [*Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968) ], it is unlikely that the injured party would be declared indispensable under Rule 19(b) today.' " *Sliwa,* 1992 WL 346425, at *1–2 (quoting 7 WRIGHT ET AL., § 1619). Consequently, these courts have denied motions to dismiss for failure to join the injured party.

■ When faced squarely with the question whether the injured party is even a necessary party, requiring joinder instead of dismissal, our colleagues in this district have again answered "no." For example, in *Fathers of the Order of Mount Carmel, Inc. v. National Ben Franklin Ins. Co.,* the insured plaintiffs, who were being sued in state court, brought a declaratory judgment action against their insurance company, alleging that the policy obligated the insurer to defend the state court action. The insurer responded by moving to dismiss the declaratory judgment suit for failure to join the injured parties as necessary parties under Rule 19. The court denied the motion, distinguishing an Illinois Supreme Court case, *M.F.A. Mutual Ins. Co. v. Cheek,* 66 Ill.2d 492, 6 Ill.Dec. 862, 363 N.E.2d 809 (1977), in which the *insurer* had sued the *insured* to determine its *coverage* obligations. The insured had failed to appear, resulting in a default judgment denying coverage. The supreme court had reversed this judgment, reasoning that "injured parties have a substantial right in the viability of the policy that should not be defeated by the insureds'

failure to appear" and finding that the injured parties should have been joined as necessary defendants. *Id.* at 494, 6 Ill.Dec. at 864, 363 N.E.2d at 811. But in the case before the *Mount Carmel* court, the insureds' act of bringing the action in favor of a duty to defend belied any risk that they would prejudice the injured parties by failing to appear, and, as such, adequately protected the injured parties' position. *Id.* This theme—that the injured parties need not be joined because they are protected by the insured's initiation of declaratory judgment proceedings—runs consistently throughout the federal cases in this district. *See Providence Hosp.,* 1993 WL 278552, at *2; *Americas Ins. Co.,* 1997 WL 51436, at *2.

A more literal Rule 19(a) analysis yields the same result on the facts before us. With respect to the first prong—whether complete relief can be accorded in the declaratory judgment action absent Lynchval—the answer is yes. All that Winklevoss is seeking is a declaration that Federal must supply its defense in the *Lynchval* suit. The Court can decide this simply by comparing the allegations in the *Lynchval* complaint to the provisions in Federal's insurance policy relating to its duty to defend. *See Davis J. Howard,* 21 Ohio N.U.L.Rev. 13, 28–29 (1994); *see also Avemco,* 796 F.Supp. at 346. Lynchval's absence does not hinder this purely legal analysis. As to the second consideration, prejudice to Lynchval's interest resulting from its absence, Lynchval has no stake in which lawyers defend Winklevoss; either way, it must face an adversary. Unlike an indemnity action, which, if lost by the insured, could eliminate a source of funds for the injured party, *see Flashner Medical Partnership v. Marketing Mgmt., Inc.,* 189 Ill.App.3d 45, 54, 136 Ill.Dec. 653, 659, 545 N.E.2d 177, 183 (1st Dist.1989), duty to defend litigation purges only the funds of the insured if he loses. Moreover, the authority in this district holds that the injured party is adequately protected by the insured's motivation to vigorously prosecute the declaratory judgment action. Finally, the third factor, subjecting the current parties to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations, is not an issue. Lynchval has no

incentive to relitigate Federal's duty to defend Winklevoss.

 In support of its motion, Federal cites a number of decisions from Illinois state courts, contending that "[i]n Illinois, it is well established that injured claimants are necessary parties to a declaratory judgment action brought to determine the rights, duties and scope of coverage under an insurance policy." Federal Br. at 2. This statement is misguided for several reasons. First, the issue of joinder is a matter of federal law, even in a diversity case. *Krueger v. Cartwright,* 996 F.2d 928, 931 (7th Cir.1993); *Sliwa v. Hunt,* 1992 WL 346425, at *1 (N.D.Ill.1992) ("[N]eedless to say, state courts do not define the content of, nor do they teach the proper construction to be given to, Rule 19 and its definition of the persons required to be joined (or permitted to be joined) in federal actions."). Illinois' definition of necessary parties is more expansive than the Federal Rules'. *Compare Flashner,* 189 Ill.App.3d at 53, 136 Ill.Dec. at 659, 545 N.E.2d at 183 *with* Fed.R.Civ.P. 19(a). Second, all five cases Federal cits are distinguishable in important ways. Four of the five involved actions by insurers against insureds to affirmatively determine the scope of coverage. *See Cheek,* 66 Ill.2d at 494–95, 6 Ill.Dec. at 863–64, 363 N.E.2d at 810–11; *Williams v. Madison County Mutual Auto. Ins. Co.,* 40 Ill.2d 404, 405–08, 240 N.E.2d 602, 603–04 (1968); *Allied American Ins. Co. v. Ayala,* 247 Ill. App.3d 538, 540, 543, 186 Ill.Dec. 717, 721, 723, 616 N.E.2d 1349, 1353, 1355 (2d Dist. 1993); *American Home Assurance Co. v. Northwest Indus., Inc.,* 50 Ill.App.3d 807, 808, 812, 8 Ill.Dec. 570, 572, 574–75, 365 N.E.2d 956, 958, 960–61 (1st Dist.1977). The *Cheek* case, along with these other opinions, thus raises the specter of an uninvolved defendant-insured failing to protect the injured claimant's interests. Furthermore, because all these actions dealt with coverage (not just the duty to defend), they had the potential to eliminate a source of funds for the injured claimant. In the fifth case Federal cites, *Barney v. Unity Paving, Inc.,* 266 Ill.App.3d 13, 203 Ill.Dec. 272, 639 N.E.2d 592 (1st Dist.1994), the court found no insurance contract at all, mooting the joinder issue altogether. Federal is thus left without authority to contradict our determination that Lynchval is not a necessary or indispensable party in this case.

## CONCLUSION

In sum, we deny Federal's motion to dismiss for failure to join an indispensable (incorrectly termed by Federal as "necessary") party. In addition, we decline to join Lynchval to the action as a necessary party because Lynchval does not satisfy any of Rule 19(a)'s conditions for joinder. We do, however, administratively dismiss the portion of this action relating to Federal's alleged duty to indemnify Winklevoss for any damages in the *Lynchval* action because the issue is not ripe for our consideration.