**UNITED STATES FIRE INSURANCE COMPANY, Plaintiff,**

v.

**HC–ROCKRIMMON, L.L.C., Johnston Engineering Associates, Inc., Aguirre Engineers, Inc., and Deton, Inc., d/b/a Slaton Bros., Inc., Defendants.**

**and**

**Deton, Inc., d/b/a Slaton Bros., Inc., Third–Party Plaintiff,**

v.

**Pinkard Construction Company, Third–Party Defendant.**

**No. Civ.A. 99Z885.**

United States District Court, D. Colorado.

Nov. 24, 1999.

Laurence Murray McHeffey, Frank Christopher Porada, McElroy, Deutsch & Mulvaney, Denver, CO, for United States Fire Insurance Company, plaintiff.

William Anthony Bianco, Shana M. Solomon, Davis, Graham & Stubbs, United States District Court, Denver, CO, for HC–Rickrimmon, L.L.C., defendant.

Philip B. Cardi, Peter Moyson, Jackson and Kelley, Denver, CO, for Johnston Engineering Associates, Inc., defendant.

William H. Knapp, Daniel Patrick Murphy, Montgomery, Little and McGrew, Englewood, CO, for Aguirre Engineers, Inc., defendant.

Jeffrey Clay Ruebel, Campbell, Latiolais & Ruebel, P.C., Denver, CO, for Deton, Inc. dba Slaton Bros., Inc., defendant.

Daniel M. Fowler, Fowler, Schimberg & Flanagan, PC, Denver, CO, for Pinkard Construction Company, third-party defendant.

## ORDER AND JUDGMENT
## OF DISMISSAL

WEINSHIENK, Senior District Judge.

The matter before the Court is defendant H.C. Rockrimmon L.L.C. (HCR)'s Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(7). Jurisdiction is based on 28 U.S.C. § 1332. The issue presented is whether the insured in this case is a necessary and indispensable party, pursuant to Fed.R.Civ.P. 19(a) and (b), such that this Court no longer has diversity jurisdiction.

Defendant HCR's position is that the insured, Pinkard, a citizen of Colorado, should be joined to this action as an involuntary plaintiff because it is a necessary and indispensable party. The consequence of defendant's position is that the Court would no longer have diversity jurisdiction as there would be Colorado citizens on both sides of the litigation. Plaintiff United States Fire Insurance Company (U.S.Fire)'s position is that Pinkard is neither a necessary nor an indispensable party, and Pinkard should not be joined as an involuntary plaintiff. If plaintiff is correct, the Court has diversity jurisdiction, and this case proceeds in federal court.

## I. BACKGROUND

Plaintiff U.S. Fire is the insurer for Pinkard, a general contractor that was responsible for building an apartment complex in Colorado Springs called the Crossings. When the Crossings clearly was suffering from structural damages in April and August of 1998, defendant HCR, the owner of the property, informed Pinkard that Pinkard was responsible for the damages. There were two types of damages alleged. The first set of damages involved all immediate repairs to insure that the structure of the Crossings was not further compromised. The second group of damages alleged was that the value of the property for lease and for sale had diminished as a result of the structural infirmity.

U.S. Fire, as the insurer of Pinkard, responded to HCR's allegation of negligence and paid for all immediate repairs necessary. U.S. Fire did not pay for the second group of damages as a consequence of the diminished value.

Subsequent to the payment of repairs, U.S. Fire determined that Pinkard was not negligent. Thus, in this lawsuit, U.S. Fire asserts that the cause of the structural damage was the negligence of defendant Johnson, the Civil Engineer who drew the plans, and defendant Aguirre, the soils engineer. Because the damages allegedly were caused by the negligence of others and not Pinkard, in this action U.S. Fire seeks to recover the money that was paid to repair the Crossings.

In reference to the same set of circumstances, defendant HCR alleges that Pinkard is liable for damage relating to the diminished value of the property. Because Pinkard is not a party to this action, pursuant to Fed.R.Civ.P. 19, HCR moves to have Pinkard joined in this action as an involuntary plaintiff.[1]

## II. ANALYSIS

The Court can add Pinkard as an involuntary plaintiff only after determining that Pinkard is a "necessary" *and* "indispensable" party pursuant to Fed.R.Civ.P. 19(a) and (b). *See Rishell v. Phillips Episcopal*, 94 F.3d

---

1. HCR would like to assert a counterclaim against Pinkard as an involuntary plaintiff. This appears to be HCR's only option in which to bring a claim against Pinkard. For example, a third party action is not available to HCR because a third party complaint contemplates a derivative action in which the third party defendant would be liable for part or all of an action by plaintiff against defendant. In this case, any liability that Pinkard would have to HCR is not derivative of liability that HCR would have to U.S. Fire. To the contrary, if HCR is liable to U.S. Fire, then it must be that Pinkard is not liable to HCR.

In addition, a cross-claim is unavailable because Pinkard's interests are more properly aligned with the interests of plaintiff. "In diversity suits, courts will scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests." *Farmers Alliance Mutual Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir.), cert. denied, 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119 (1978). In this case, there does not appear to be any issue of dispute between the insured, Pinkard, and the insurer, U.S. Fire, and the interests of Pinkard and U.S. Fire are aligned.

1407, 1411 (10th Cir.1996). The reason that the Court inquires into whether Pinkard is necessary and indispensable is that adding Pinkard as an involuntary plaintiff destroys diversity jurisdiction. Pinkard is a citizen of Colorado while defendants HCR, Johnston, and Aguirre are also citizens of Colorado. Thus, there would be Colorado citizens on both sides of the litigation.

### A. Fed.R.Civ.P. 19(a): Whether Pinkard is a necessary party?

In order to determine whether Pinkard is a necessary party pursuant to Fed.R.Civ.P. 19(a), the Court must consider: (1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations. *See Rishell,* 94 F.3d at 1411.

In evaluating the first factor, it appears that complete relief is not available to HCR. In order to recover the damages regarding the diminished value of the land, HCR is forced to bring an action against Pinkard in state court. As to the third factor, even plaintiff U.S. Fire conceded during oral argument that there is a risk of inconsistent judgments. With the difficult issues of negligence and causation in the structural infirmity of a building, it is easy to imagine two courts coming to different conclusions. Thus, in weighing the factors, this Court finds that Pinkard is a necessary party to this action.[2]

### B. Fed.R.Civ.P. 19(b): Whether Pinkard is an indispensable party?

In order to determine whether Pinkard is an indispensable party pursuant to Fed. R.Civ.P. 19(b), the Court considers:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

In a complicated case in this District involving a number of insurance companies, Judge Jim R. Carrigan weighed the prejudice factor and held that a missing insurance party was indispensable after stating that the possibility of inconsistent judgments is an important consideration. *See City of Littleton, Colorado v. Commercial Union Assurance Companies,* 133 F.R.D. 159 (D.Colo. 1990). In the case at bar, as noted above, even plaintiff has conceded that an inconsistent result is a distinct possibility. Not only is there a concern regarding inconsistent verdicts, but defendant might be prejudiced in that Pinkard is essentially getting a second bite at the apple to perfect the alleged mistakes made by U.S. Fire during the first case.

The second and third factors weigh in favor determining that Pinkard is an indispensable party as well. Because Pinkard is not a party to this action, the Court is not able to shape relief to include Pinkard in a resolution of this case. Further, a judgment in this case will not resolve the claim of damages that HCR has against Pinkard. If HCR wins in this case, and desires to pursue its claims against Pinkard, it must proceed to state court to receive additional determinations of liability, causation, and damages.

Lastly, all of the parties could be given complete relief if this case is filed in state court. This factor appears to weigh heavily in favor of finding that Pinkard is indispensable. While *Rishell* holds that a Court cannot rely exclusively on this factor, the availability of a state court forum to resolve the entire case remains an important consideration. *See e.g., Rishell,* 94 F.3d at 1411; *City of Littleton,* 133 F.R.D. at 166.

---

**2.** Plaintiff argues that Pinkard is not a necessary party to this action despite its position that *United States v. Aetna Casualty & Surety Co.,* 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949) is dispositive of this case. *Aetna* holds that the insured and the insurer *are* necessary parties.

After considering the possibility of inconsistent verdicts, the fact that adequate relief cannot be afforded to HCR, and the fact that complete relief can be afforded to all parties in state court, this Court determines in equity and good conscience that Pinkard is an indispensable party pursuant to Fed.R.Civ.P. 19(b). Because the Court determines that Pinkard is a necessary and indispensable party pursuant to Fed.R.Civ.P. 19(a) and (b), this case must be dismissed for lack of subject matter jurisdiction.

Plaintiff U.S. Fire contends that Pinkard is not an indispensable party because this case is controlled by *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). Essentially, plaintiff reads *Aetna* to state that when there is partial subrogation between insured and insurer, neither party is indispensable. This Court disagrees with this broad interpretation of the rule in *Aetna*. Thus, even though our present case involves partial subrogation between an insured and insurer, it is distinguishable. In this case, as opposed to *Aetna*, complete relief cannot be accorded to HCR regarding a related transaction if Pinkard is not a party. *Aetna* is not dispositive.

## III. CONCLUSION

Pinkard is a necessary and indispensable party, and must be joined as an involuntary plaintiff. In joining Pinkard as an involuntary plaintiff, the Court loses diversity jurisdiction. Therefore, the only logical and legal solution is to dismiss the case without prejudice pursuant to Fed.R.Civ.P. 12(b)(7) so that the case can be filed in state court, where a complete resolution of all related issues can be reached. Accordingly, it is

ORDERED that defendant HCR's Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(7) And 19 is granted. It is

FURTHER ORDERED that the Complaint and cause of action are dismissed without prejudice.