**CFI OF WISCONSIN, INC., CFI Wisconsin I, LLC, Plaintiff,**

v.

**The HARTFORD FIRE INSURANCE CO., Defendant.**

No. 05–C–0296–S.

United States District Court, W.D. Wisconsin.

Aug. 31, 2005.

Daniel Q. Poretti, Rider, Bennett, LP, Minneapolis, MN, for Plaintiffs.

Ward I. Richter, Bell, Gierhart & Moore, S.C., Madison, WI, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiffs CFI of Wisconsin, Inc. and CFI Wisconsin I, LLC commenced this action against Defendant The Hartford Fire Insurance Co. seeking monetary and declaratory relief. Plaintiff seeks monetary relief alleging that Defendant breached its contractual obligations by failing to provide a defense for Plaintiffs and their product supplier Muscle-Tech in an underlying action. Plaintiff also seeks declaratory judgment that Defendant (i) had a duty to defend or pay the defense costs of MuscleTech in the underlying action; (ii) had a duty to defend Plaintiffs in the underlying action; (iii) breached its duty to defend MuscleTech and Plaintiffs; (iv) is estopped from raising any coverage defenses on its indemnity obligations with respect to the underlying claim, and (v) is liable for attorney's fees and costs associated with the defense of the underlying and present action. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(a)(1). The matter is presently before the Court on Defendant's motion to dismiss for failure to join indispensable parties pursuant to F.R.C.P. 12(b)(7) and 19. The following relevant facts are undisputed.

## BACKGROUND

Defendant issued an insurance policy to Plaintiff CFI of Wisconsin, Inc. (hereinafter CFI) that was in effect from January 1, 2002 until January 1, 2003. Plaintiff CFI also obtained an umbrella liability policy from Hartford Casualty Insurance Company with the same effective dates.

On September 9, 2003 Michael Cloud (hereinafter Cloud) commenced an action in the United States District Court for the District of Rhode Island against MuscleTech. Cloud, a professional football player, alleged he failed a random drug test administered by the NFL because of his consumption of MuscleTech's Nitro–Tech™ powder. The powder is alleged to contain the undisclosed ingredients of norandrostenedione and androstenediol.

On January 5, 2005, Cloud amended his complaint to add CFI Wisconsin I, LLC (hereinafter CFI LLC) as a defendant. Cloud alleged that CFI LLC was liable for damages because it manufactured the Nitro–Tech™ powder. On March 7, 2005 Cloud amended his complaint a second time to add CFI as a defendant.

Plaintiff CFI and Defendant engaged in correspondence regarding Defendant's duty to defend the parties involved in the Rhode Island action from approximately October 2003 until April 2005. However, on April 8, 2005 Defendant disclaimed coverage for the loss alleged in the Rhode Island action.

Plaintiffs commenced this action on May 19, 2005 and Defendant filed its answer on July 15, 2005. Defendant's motion to dismiss pursuant to F.R.C.P. 12(b)(7) and 19 is presently before the Court.

## MEMORANDUM

Defendant argues that plaintiff's complaint must be dismissed pursuant to F.R.C.P. 12(b)(7) and 19 because Cloud and Muscletech are indispensable parties to the action. Defendant argues the parties are indispensable because their interests and/or the interests of Defendant could be prejudiced by a judgment in their absence, litigation of the action without the parties does not afford complete relief, and there is an alternative remedy available to Plaintiff. Plaintiff argues the action involves a limited contract dispute between Plaintiff and Defendant and complete resolution is available without Cloud or MuscleTech. Accordingly, Plaintiff argues they are not indispensable parties.

Rule 19 provides a bifurcated analysis. First, a court must determine if a person is a

necessary party. A person is necessary if in the person's absence a court cannot accord complete relief to those already parties or if the person claims an interest relating to the subject of the action and disposition in their absence may impair their ability to protect that interest or leave any of those already parties subject to a substantial risk of multiple or inconsistent obligations. F.R.C.P. 19(a). If a court deems a party necessary, it should be joined if feasible. *Id.*

However, if the party cannot be joined the court shall determine whether "in equity and good conscience the action should proceed among the parties before it," or if it should be dismissed because the absent party is indispensable. F.R.C.P. 19(b).

The factors a court considers when it determines whether a party is indispensable are first to what extent a judgment rendered in the party's absence may be prejudicial to the party or those already parties to the action, second the extent to which the judgment can be shaped to lessen or avoid prejudice, third whether the judgment rendered in the party's absence will be adequate and fourth whether the plaintiff will have an adequate remedy if the court dismisses the action. *Id.*

 The purpose of Rule 19 is to allow for joinder of all "materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Davis Cos. v. Emerald Casino, Inc.,* 268 F.3d 477, 481 (7th Cir.2001) *quoting* (*Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir.1990). However, each inquiry under Rule 19 is fact specific and a court must apply its factors in a practical and equitable manner to avoid harsh results of rigid application. *United States ex rel Hall v. Tribal Development Corp.,* 100 F.3d 476, 481 (7th Cir.1996) (citations omitted). Further, the moving party has the burden of persuasion when it argues for dismissal pursuant to Rule 19. *Southeastern Sheet Metal Joint Apprenticeship Training Fund v. Barsuli,* 950 F.Supp. 1406, 1414 (E.D.Wis.1997) *citing Cassidy v. United States,* 875 F.Supp. 1438, 1443 (E.D.Wash.1994)). The Defendant is unable to meet this burden.

 As a threshold matter Defendant does not meet its burden because it cannot demonstrate that the parties are necessary. First, the parties are not necessary for complete relief. The term complete relief refers only to "relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Perrian v. O'Grady,* 958 F.2d 192, 196 (7th Cir.1992) (citations omitted). Plaintiff asks for monetary and declaratory relief. The Court can determine if these remedies are appropriate simply by comparing the allegations in Plaintiff's complaint to the provisions in Defendant's insurance policy relating to its duty to defend. Accordingly, it is not necessary for Cloud or MuscleTech to be joined for the Court to provide relief.

As to the second consideration, courts have held that an injured third-party is a necessary party in a declaratory judgment action by an insurance company seeking to determine its liability arising from an occurrence between its insured and the injured party. *Am. Standard Ins. Co. of Wis. v. Rogers,* 123 F.Supp.2d 461, 467 (S.D.Ind.2000). This is because injured parties have a "substantial right in the viability of the policy." *Fathers of the Order of Mount Carmel, Inc. v. Nat'l Ben Franklin Ins. Co.,* 697 F.Supp. 971, 973 (N.D.Ill.1988) *citing* (*M.F.A. Mut. Ins. Co. v. Cheek,* 66 Ill.2d 492, 6 Ill.Dec. 862, 864, 363 N.E.2d 809, 811 (1977)). However, when the insured institutes an action against its insurer for declaratory judgment arguing that the insurer is obligated to it them the insured's position protects the interest of the absent party because both parties want the policy to be viable. *Id.* See *also* (*Winklevoss Consultants, Inc. v. Fed. Ins. Co.,* 174 F.R.D. 416, 417–419 (N.D.Ill.1997)). Further, the injured party has no stake in which lawyers defend the insured. Either way it must face an adversary. *Winklevoss,* 174 F.R.D. at 418. Accordingly, since the insured seeks declaratory judgment in this action disposition of the case does not impair the ability of Cloud or MuscleTech to protect their interests.

Finally, Defendant does not face the substantial risk of multiple or inconsistent obligations. Defendant is a named party in this action only. There is no evidence indicating either Cloud or MuscleTech will name Defendant as a party in any other action. Howev-

er, should Defendant face the possibility of suit at a later date that fact in itself does not create a substantial risk of multiple or inconsistent obligations. *Davis*, 268 F.3d at 485. The only obligation Defendant potentially faces here is to Plaintiff for breach of contract. The fact that Defendant could face a judgment in a future suit initiated by Cloud or MuscleTech is irrelevant because judgments and results are not the same as obligations under F.R.C.P. 19(a). *See Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 646 (W.D.Wis.2000) (citations omitted).

Cloud and MuscleTech meet none of the three tests for finding a party necessary within the meaning of F.R.C.P. 19(a). Accordingly, since neither party is necessary within the meaning of Rule 19(a) neither party is indispensable within the meaning of Rule 19(b) and Defendant's motion to dismiss for failure to join an indispensable party is denied.

### ORDER

IT IS ORDERED that Defendant's motion to dismiss is DENIED.